IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSSELL JARRETTE,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 05-5521** |
| | : | |
| **JO ANNE B. BARNHART,** | : | |
| **Commissioner of the Social** | : | |
| **Security Administration,** | : | |
| Defendant. | : | |

**O R D E R**

**AND NOW**, this 18th day of January, 2007, upon consideration of the parties' cross-motions for summary judgment, and after review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, and the Plaintiff's objections thereto, it is hereby **ORDERED** that:

1.) The Report and Recommendation (Document No. 13) is **APPROVED** and **ADOPTED**.

2.) Plaintiff's Motion for Summary Judgment (Document No. 7) is **DENIED**.

3.) Defendant Commissioner's Motion for Summary Judgment (Document No. 10) is **GRANTED**.

4.) The Plaintiff's objections to the Report and Recommendation (Document No. 14) are **OVERRULED**.[1]

---

[1] The Administrative Law Judge's ("ALJ") determination that the Plaintiff's mental impairments would not last for 12 months from the *date of onset* is supported by substantial evidence and without legal error given the Plaintiff's therapy, medication, and the relationship between the death of his mother

The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

BY THE COURT:


 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

and his initial treatment. See SSR 85-52, 1982 SSR LEXIS 19, at * 2-3. "Adjudication on the basis of 'insufficient duration,' therefore, indicates that a claim which would have been allowed must instead be denied because the claimant's impairment was not or will not be disabling for at least 12 months." Id. at *8. In addition, the ALJ gave the treating physician's opinion the proper weight given the other substantial evidence of record, including the Plaintiff's own description of his activities of daily living. See 20 C.F.R. § 416.927(d)(2) (instructing ALJs to give controlling weight to a treating doctor's assessment on the issues of the nature and severity of the impairment *if* the assessment is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and *is not inconsistent with the other substantial evidence in your case record*"). Finally, the ALJ had no duty to recontact plaintiff's treating physician, see Rodriguez v. Barnhart, No. 04-5375, 2005 U.S. Dist. LEXIS 20166, at *26-28 (E.D. Pa. Sept. 14, 2005) (finding that courts in this circuit will not recontact a treating physician, "notwithstanding the deficiencies of a treating physician's opinion,[when] the evidence on the record remained 'adequate' to reach a disability determination"), and the weight the ALJ afforded the consultative examiner was appropriate. See 20 C.F.R. § 416.927(f).